## Case No. 16,796.

### UPHAM v. BROOKS et al.

[2 Story, 623.] [1]

Circuit Court, D. Maine.  Oct. Term, 1843.

MORTGAGES—REDEMPTION—PARTIES IN EQUITY—TRUSTS.

1. Where, in a bill in equity, to redeem a mortgage given to secure the mortgagee against an incumbrance upon another estate purchased by him, the plaintiff claimed as owner of the equity of redemption, against the defendant, who was assignee of the mortgage, and the bill did not set forth, that the condition of the mortgage had been fully performed and the incumbrance extinguished; it was *held*, on demurrer, that although, in law, the mortgagor could not recover the land mortgaged from the mortgagee, and those in possession under him without an actual extinguishment of the incumbrance, yet that, in equity, he was entitled to maintain a bill to redeem upon an offer to redeem, and proving himself able and ready to discharge the incumbrance and procure releases thereof, and of claims on account thereof.

[Cited in Merrill v. Merrill, 53 Wis. 526, 10 N. W. 686.]

2. Where A. was the legal owner of land, which he held in trust for B. as security for advances made by him on account of the purchase by B., it was *held*, that A. was a necessary party to a bill brought by B. in respect of a claim arising upon such lands; and, as the bill did not make him a party, it was *held*, on demurrer, not to be maintainable.

Bill in equity.  The bill was, in substance, as follows:

"The bill alleges that the orator, Nathaniel G. Upham, a citizen of Concord, in the county of Merimack, and state of New Hampshire, is the owner of a right in equity of redemption of a certain tract of land, situate on Pleasant street, in Portland, in the state of Maine, known as the John Mussey homestead, and sets forth:  That said premises were the property of one Charles Mussey, now a citizen of Painesville, in the county of Geauga, and state of Ohio; and that on the 16th December, 1834, they were conveyed with full covenants of warranty by said Mussey to Robert Boyd, in part consideration of a conveyance by said Boyd to Mussey, his heirs and assigns, of one quarter part of 11,000 acres of land in Stetson, in the county of Penobscot, and state of Maine.

"The bill further alleges that the Stetson land, at the time of said conveyance by Boyd, was under encumbrance, by mortgage, to Amasa Stetson, of Dorchester, Massachusetts; and, to secure the payment of said mortgage, the said Boyd, at the time of said conveyance, reconveyed the Portland tract aforesaid to said Mussey in mortgage, with condition that he would pay or cause to be paid to said Amasa the amount of his encumbrance on said Stetson land.

"The bill further alleges, that afterwards, on the 16th May, 1835, said Mussey conveyed to Oliver B. Dorrance, and Marshall French and their assigns, with full covenants of warranty, said land in Stetson, and that

1 [Reported by William W. Story, Esq.]

subsequently said Dorrance and French entered into a contract with said Upham, the orator, to convey to him two thousand and twenty-four acres of said land, and received of him in consideration therefor large sums of money, amounting in all to more than seven thousand dollars; and in consideration of a further payment made in behalf of the orator by one Thomas C. Upham, for the remaining sum due on said land, the said Dorrance and French, on the 31st of October, 1837, conveyed said two thousand and twenty-four acres of land to said Thomas C. Upham by deed of warranty, which he, the said Upham, holds in trust for the orator, subject to the payment of the advance so made by said Thomas.

"And the orator further alleges, that said Mussey, contriving and intending to prevent the due application of the Portland tract, which was mortgaged as aforesaid, to secure to said Mussey and his assigns the covenants of warranty of said Stetson land, caused an assignment of said mortgage to be made to one Joshua Richardson, on the 16th November, 1838, which was long after said Mussey's sale of said Stetson land, with full covenants of warranty, to said Dorrance and French, and their assigns; and subsequently, with a similar fraudulent design, caused said mortgage to be further assigned by said Richardson to one Henrietta L. Brooks, a resident and citizen of Portland, in the county of Cumberland and state of Maine, on the 19th June, 1839, both which assignments are duly executed, acknowledged and recorded in the registry of deeds in said Cumberland, and the said Henrietta now holds said mortgaged property as a pretended security for some debt or claim, which she has against said Mussey, and which the orator alleges is wholly disconnected with any terms or conditions of said mortgage, and is fraudulent and groundless, as a claim under the same.  Yet notwithstanding this, the said Richardson entered on said premises for condition broken, and to foreclose said mortgage; and said Henrietta has received the rents and profits of said estate from November, 1838, to the time of the filing of this bill, to be applied in payment of said pretended debt, and claims that said mortgage would have been fully foreclosed by her, had she not executed a writing extending the equity of redemption of the same to and including the date hereof, and that from and after this date all right in equity of redeeming said estate will fully cease.

"The orator further alleges, that on account of the neglect and refusal of said Mussey to relieve the Stetson land of the mortgage to said Amasa Stetson, agreeably to his covenants with said Dorrance and French and his assigns, and from other causes, they, the said Dorrance and French, have been unable to take up said mortgage in order that the orator might derive any benefit by his title aforesaid from them; and the said Dorrance

and French, and the said Mussey and Boyd, have severally, since said time, become insolvent, and said Amasa Stetson and his assigns have entered upon said Stetson land, and have foreclosed his mortgage thereon, so that all title derived to the orator from said Mussey, and said Dorrance and French, has utterly failed; and your orator is left remediless for any part of his large advance as aforesaid, unless the said Mussey, or his assigns, shall cause the mortgage of said Portland tract to be applied in discharge of the covenants of warranty of said Stetson land, according to the design of said conveyance.

"And the orator further alleges, as heretofore named in said bill, that he is the holder and owner of the right in equity of redemption of said mortgage from said Boyd to said Mussey, conveyed to the orator by quitclaim deed of said Boyd, duly executed, acknowledged and recorded, and that said Mussey hath not been damnified or injured by any claim or demand by his grantees, or their assigns, of said land in Stetson, on account of his said covenants of warranty of the same, and that the orator, as holder and owner of said equity, on the 20th January inst. made a demand in writing on said Henrietta L. Brooks, and on this 21st of January inst. on the attorney of said Mussey, for a true account of the sum due, if any, on the mortgage aforesaid, and of the rents and profits of said mortgaged estate, and tendered to each of them the sum of twenty dollars for any nominal breach of said mortgage, and full discharges and releases from the said Mussey's grantees, and their assigns, of all claims against him, the said Mussey and any other person or persons for his or their liability, as warrantor of said Stetson land, as a full discharge and release, so far as concerned said Mussey, of said Stetson mortgage, and of all claim to hold said Portland land therefor; and requested of said Henrietta, and also of the attorney of said Mussey, a full discharge and release of the mortgage on said Portland tract, which tender and releases as aforesaid are still proffered here in court; but the said Henrietta and said Mussey severally refused to discharge said mortgage, and said Henrietta claimed and still claims to hold said mortgaged premises for debts and sums in no manner secured by said mortgage, alleging that said Mussey, on the 19th June, 1839, by his promissory note owed her $800; which, since said time, up to April 16th, 1840, had been reduced by the rents and profits of said mortgaged premises to $666.83, when a new note was given her by said Mussey for that amount, and she claims to hold said mortgaged premises for said sum and the interest thereon, and that said mortgage will be foreclosed by her, if said sum is not paid on this 21st January inst.; and said Henrietta accounts for no rents or profits since said 16th April, 1840, and assigns no reasons why the same have not accrued and been collected by her. All which claims the orator charges to be wholly unsustained, and that all liability or claim of damage by said Mussey or said Henrietta, under said mortgage of said Portland tract, has wholly ceased, and that said mortgage is fully discharged. And the orator prays a decree of this court; requiring said Henrietta to execute and deliver a discharge of said mortgage on filing of the releases specified as aforesaid, and that said Henrietta render a full statement of all profits and income received from said mortgaged premises, and account therefor to your orator; and that he may have such further and other relief in the premises as may seem meet to said honorable court."

To the bill there was a demurrer. The demurrer was argued, at this term, by

F. J. O. Smith, for plaintiff.

Mr. Rand and W. P. Fessenden, for defendant Brooks.

The argument for the defendant was as follows: 1. The complainant has no title to bring this bill. If he claim as owner of the equity of redemption from Boyd, the answer is, that Boyd could only sustain a bill, when the condition was performed. This cannot be allowed. Mussey conveyed with warranty to French and Dorrance. They conveyed with warranty to T. C. Upham. Stetson has foreclosed. T. C. Upham, then, has his claim upon the covenants in Mussey's deed, which passed with the land to him. 2. He cannot claim as the owner of the Stetson land at any time; for he never had any such interest in it as would enable him to bring a suit. The conveyance was made to T. C. Upham. He has not released his claim upon the covenants in Mussey's deed. Even supposing Dorrance and French had given a release, such an instrument would be merely inoperative, for, having conveyed, they could not release the covenants, which had passed to T. C. Upham. T. C. Upham's remedy in the covenants is yet good, therefore, against Mussey. And so would be the remedy of Dorrance and French, if Upham asserted his claims upon the covenants in their deed. 3. It is not averred, that any release from Dorrance and French was tendered or offered. It was merely proposed. And such a paper, if tendered, should be set forth in substance, that the court might judge of its efficiency.

STORY, Circuit Justice. It is not necessary to consider any part of the argument of the plaintiff, which is properly addressed to the merits of the case, because the objections, which have been urged on behalf of the defendants, at the bar, mainly turn upon considerations of a preliminary nature. Two objections have been urged: (1) That there is a want of the proper parties before the court to sustain the bill. (2) That, upon the plaintiff's own showing, he has not made out a sufficient case for relief in equity. The latter objection mainly stands upon this, that the plaintiff has not shown, that, at the time

of the commencement of the present suit, the claim on the mortgage, stated in the bill, was extinguished, or otherwise satisfied; and unless it was, he has no title to relief. The argument is, that the plaintiff claims, as owner of the equity of redemption from Boyd; and unless the condition of the mortgage has been fully performed, the plaintiff has no more right to redeem than Boyd; and upon the facts stated in the bill, the condition has not been performed, nor the incumbrance on the lands in Stetson extinguished. If this were a case at law, the objection might well be maintained; for until an actual extinguishment of the incumbrance, the mortgage would stand good, and the mortgagor could not recover the land mortgaged from the mortgagee, or those in possession under him. But this is a case in equity; and although the language of the bill is very loose, and indeterminate on this head, yet it is sufficiently apparent, that the plaintiff means, by the allegations in the bill, to insist, that the mortgage either has been extinguished or satisfied, or that he is now ready and willing to satisfy whatever may be due thereon. And, besides; admitting that at the commencement of the suit the plaintiff had not absolutely procured a release of the covenants of warranty in the deeds of the Stetson lands by Mussey, and by his grantees to T. C. Upham, and had not absolutely extinguished the mortgage; still, if he is now ready and able to show that it is extinguished, and that he has procured, or can procure, the proper releases from the proper parties of those covenants, I am not prepared to say, that, if this were satisfactorily made out, upon a reference to a master, the plaintiff might not, under the present bill, be entitled to relief. This is often done in cases of bills for specific performance, where the plaintiff could not make a good title at the time of filing the bill; but is able to do so before, or at the hearing. At least, I should hesitate to decide this point upon the present demurrer. And at all events, I should give the plaintiff leave to amend the bill, so as to bring all the facts more completely before the court.

But the other objection is fatal to the bill in its present shape. It is manifest from the bill. that Thomas C. Upham is the legal owner of the Stetson lands under the conveyance to him; and admitting, that he holds the lands, partly in trust for the plaintiff, and partly for himself, as security for advances made by him on account of the purchase, it is plain, that he is a necessary and proper party to the bill. He would be a proper party, as trustee, to a bill brought by his cestui que trust. And he is also a proper party to represent and protect his own personal interest in the Stetson lands. Until his demands are satisfied, he is not compellable to surrender the lands to the plaintiff, nor can the covenants of warranty in the deed to him be deemed extinguished. And if not extinguished, how can the present bill be maintained? It appears to me, therefore, that before this court can proceed further in this case, Thomas C. Upham must be made a party thereto.

There are some other deficiencies in the structure of the bill, which may require to be examined and considered by counsel. But at present, I shall do no more than declare. that the demurrer be allowed, with costs to the defendant, for the want of proper parties; and if the plaintiff wishes, he may have leave to amend; otherwise the bill will be dismissed. Demurrer allowed.

